UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT PERKINS, )
 )
    Plaintiff, )
 )
v. ) Case No. 4:03CV915 RWS
 )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
 )
    Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before me on Robert Perkins' appeal from an adverse ruling of the Social Security Administration. Pursuant to 28 U.S.C. § 636(b), this matter was referred to United States Magistrate Judge Thomas C. Mummert, who filed his Report and Recommendation on October 24, 2005. It is the Magistrate Judge's recommendation that the decision of the Social Security Commission be affirmed and that the case be dismissed.

The parties were advised that they had eleven (11) days to file written objections to the Report and Recommendation. Perkins timely filed his objection to the Report and Recommendation on November 2, 2005. Under 28 U.S.C. § 636(b)(1)(C), I am required to review de novo those portions of the Report and Recommendation to which Perkins objects.

After a careful review of the Report and Recommendation, I will adopt Judge Mummert's factual findings. After a de novo review of the portion of the Report and Recommendation to which Perkins objects, I will reject Judge Mummert's recommendations, and I will remand the case to the Commissioner of Social Security for further proceedings consistent with this Memorandum and Order.

Perkins' objection to the Report and Recommendation is limited to a single issue. Perkins contends that Judge Mummert erred in finding that the administrative law judge ("ALJ") did not need to explain the discrepancies between the occupational evidence provided by the vocational expert ("VE") and the information in the Dictionary of Occupational Titles ("DOT"). Perkins is correct.

According to the Social Security Administration:

[B]efore relying on VE or [vocational specialist] evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor, and Explain in the determination or decision how any conflict that has been identified was resolved.

Social Security Ruling 00-4p, 2000 WL 1898704 [hereinafter SSR 00-4p].

During the administrative hearing, the ALJ posed the following questions to the VE:

[ALJ]: Okay. All right. Is – now the janitor work is that normally done at the heavy level?

[VE]: Usually it's classified in the light category by the Dictionary of Occupational Titles.

\* \* \*

[ALJ]: Okay. Let's hypothetically assume an individual of the Claimant's age, education and work experience and assume hypothetically that that person can lift 50 pounds occasionally, 25 pounds frequently, stand and/or sit about six hours in an eight hour work day. That the person should avoid climbing ladders, ropes and scaffolds but could climb ramps and stairs at least occasionally. A person would have to avoid concentrated exposure to extremes of cold and heat and also to noxious fumes and odors. With those restrictions would the hypothetical individual be able to perform any of Mr. Perkins past relevant work as he performed it or as it's normally performed in the economy?

> [VE]: Not as he performed. The janitorial position as normally performed would
> be appropriate, in the light category.

Administrative Record at 48-49.

In his decision, the ALJ made the following findings:

> 6. The claimant has the maximum residual functional capacity to lift and carry no more than 25 pounds frequently and 50 pounds occasionally. The claimant can sit, stand, and/or walk for up to six hours each in an eight-hour workday. He cannot climb ladders, ropes, or scaffolds. He can no more than occasionally climb ramps and stairs. He must avoid concentrated exposure to extremes of cold and heat. He must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants. He cannot perform work that requires . . . depth perception. This residual functional capacity reflects an ability to perform a range of medium work.
>
> 7. The claimant's past relevant work as a janitor as it is generally performed in the national economy did not require the performance of work-related activities precluded by the above limitations.
>
> 8. The claimant can perform his past relevant work as a janitor.

Administrative Record at 16-17.

Contrary to the VE's testimony, the <u>DOT</u> lists janitorial work as ranging from medium[1] to heavy.[2] More importantly, according to the <u>SCO</u>, janitorial work requires occasional climbing on "ladders, stairs, scaffolding, ramps, poles, and the like," the occasional need for depth perception, and occasional exposure to extreme heat. <u>SCO</u> at 133, App. C & D (describing the characteristics of the job titled Janitor at <u>DOT</u> § 382.664-010). Thus, there is an apparent

---

[1] <u>DOT</u> § 382.664-010.

[2] <u>DOT</u> § 381.687-014.

discrepancy between the VE's testimony and the information in the DOT and the SCO.[3]

It is possible for a VE to rebut the DOT and SCO classifications with testimony that shows that the Plaintiff can actually perform the job despite the discrepancies. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). However, no such testimony was elicited in this case.

The record also indicates that the ALJ relied on the VE testimony in formulating his opinion that Perkins was not disabled. In his decision, the ALJ stated:

> The undersigned asked the vocational expert whether a person with the claimant's residual functional capacity could perform the claimant's past relevant work. The vocational expert testified that such an individual could perform the claimant's past relevant work as a janitor as it is generally performed in the national economy. Social Security Ruling 00-4p requires discussion of any discrepancy between the [DOT] classification of jobs and the description of these jobs by the vocational expert in terms of transferable skills or exertional limits. For this case, there were no such relevant discrepancies. *Based on the vocational expert's testimony, the undersigned finds that the claimant's past relevant work as a janitor did not require the performance of work-related activities precluded by the above limitations*. Therefore, the claimant can perform his past relevant work as a janitor. Because the claimant can perform his past work, he is not disabled within the meaning of the Social Security Act.

Administrative Record, at 15-16 (emphasis added).

This statement demonstrates that the ALJ "rel[ied] on VE . . . evidence to support a disability determination." The ALJ did not identify and obtain a reasonable explanation for the

---

[3] In its cross brief, the Government failed to address the discrepancies between the VE evidence and the SCO. The Government's only argument on this issue is that: DOT § 382.664-010 (Janitor) indicates that the position of janitor requires the strength to do medium work; Plaintiff's RFC indicated he was capable of doing medium work; as a result, Plaintiff is capable of working as a janitor as the job is normally performed throughout the country. However, SSR 00-4p requires that the Commissioner also take into account the specific characteristics of each occupation as they are described in the SCO. Because there is no evidence that the ALJ or the VE considered the discrepancies between Perkins' specific limitations and the specific characteristics of janitorial work as they are delineated in the SCO, the Government's argument fails.

conflicts between the VE evidence and the information in the DOT and SCO as required by SSR 00-4p. As a result, I find that the ALJ erred, and his decision is not based on substantial evidence. I will remand the case to the Social Security Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order.

Perkins also requests that I enter an order reversing the decision of the ALJ denying his application for benefits. I will deny that request so that the Commissioner can properly develop the record on remand.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **VACATED**, and this matter is **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order.


Dated this 15th day of November, 2005.

                                          RODNEY W. SIPPEL
                                          UNITED STATES DISTRICT JUDGE